IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEITH ANDERSON and
CARLOS COOPER,

       Plaintiffs,

v.  No. _____

CITY OF LAS CRUCES,
LAS CRUCES POLICE DEPARTMENT,
JEREMIAH McDANIEL, and
VINCENT SHADD,

       Defendants.

**COMPLAINT FOR THE RECOVERY OF DAMAGES
CAUSED BY THE DEPRIVATION OF CIVIL RIGHTS**

    Plaintiffs bring this complaint for damages caused by the violation of their civil and constitutional rights. Plaintiffs file this complaint under the Federal Civil Rights Act and the Constitution of the United States. Plaintiffs also bring claims under the New Mexico Tort Claims Act. In support of this Complaint, Plaintiffs allege the following:

**JURISDICTION AND VENUE**

1. Jurisdiction over the subject matter of this action is conferred by 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988.

2. Venue is proper as the acts complained of occurred exclusively within the City of Las Cruces, New Mexico.

**PARTIES**

3. Plaintiffs Keith Anderson and Carlos Cooper are residents of Las Cruces, New Mexico.

4. Defendant City of Las Cruces ("CLC") is a governmental entity within the State of New

Mexico and a "person" under 43 U.S.C. § 1983. At all times material to this Complaint the City was the employer of the individual defendants.

5. At all material times, Defendant Jeremiah McDaniel was a police officer employed by the City of Las Cruces Police Department. He is being sued in his individual capacity only.

6. Defendant McDaniel was acting under the color of state law and within the scope of his employment at all material times.

7. At all material times, Defendant Vincent Shadd was a police officer employed by the City of Las Cruces Police Department. He is being sued in his individual capacity only.

8. Defendant Shadd was acting under the color of state law and within the scope of his employment at all material times.

## FACTUAL BACKGROUND

9. In the early morning hours of August 22, 2018, Plaintiffs Anderson and Cooper were leaving the parking lot of the Solano Square Shopping Center when their vehicle was stopped by LCPD Officer McDaniel.

10. Within seconds of the traffic stop, Officer McDaniel jumped out of his police car, drew his service weapon, and fired a shot directly at Anderson and Cooper.

11. At the time Officer McDaniel shot his gun at them, Anderson and Cooper had done nothing wrong and were fully compliant with Officer McDaniel's official authority.

12. Officer McDaniel admitted over his radio that his gunshot was an "ND" – code for "Negligent Discharge."

13. Officer McDaniel would again admit, at an Internal Affairs hearing, that he negligently fired his gun at Anderson and Cooper.

14. As any reasonable person would be, Anderson and Cooper were terrified at being shot at

by a uniformed police officer.

15. Other LCPD officers arrived on scene. Defendant Shadd, instead of providing comfort and assistance to Anderson and Cooper, who were known to be victims of a negligent discharge of a firearm, instead ordered them out of their car at gunpoint.

16. Anderson and Cooper were each handcuffed and placed in the back of police cars, unable to communicate with each other or to call anyone for help.

17. Despite having committed no crime, Anderson and Cooper were held in the back of police cars for over an hour.

18. When finally released from the handcuffs, Anderson and Cooper were ordered to sit on a curb as armed officers wearing the same uniform as the man who had just shot at them surrounded them while investigating the unlawful shooting. They were held there on the curb in the night for over three hours, until dawn.

19. Although Las Cruces Police Department employs "Victims Advocates" who are specially trained in providing aid and comfort to victims of violent crimes in the immediate aftermath of trauma, Anderson and Cooper were offered no such assistance. Instead, after completing their investigation into Officer McDaniel's unlawful use of deadly force, LCPD officers merely told Anderson and Cooper to "go home."

20. Officers never found the bullet that came from McDaniel's gun.

21. The next day, Anderson and Cooper located a bullet hole just above the windshield on the passenger side of the car they were in when shot at by Officer McDaniel. A bullet has since been retrieved from the bullet hole by a private investigator.

22. The bullet missed Anderson's head by mere inches.

23. Anderson and Cooper have both been diagnosed with Post Traumatic Stress Disorder as a

result of being shot at by Officer McDaniel.

24. On September 20, 2018, Plaintiff(s) submitted to City of Las Cruces and Las Cruces Police Department a Tort Claim Notice for the claims set forth below.

### COUNT 1: VIOLATION OF DUE PROCESS

25. Plaintiffs restate each of the preceding paragraphs as if fully stated herein.

26. Plaintiffs have a Fourteenth Amendment right to a life of liberty, free from the effects of the psychological and emotional trauma inflicted on them by Officer McDaniel.

27. As a result of their terrifying encounter with Officer McDaniel, Plaintiffs each now suffer from Post Traumatic Stress Disorder, an ailment for which there is no cure. They will continue to suffer for the rest of their lives.

### COUNT 2: EXCESSIVE USE OF FORCE

28. Plaintiffs restate each of the preceding paragraphs as if fully stated herein.

29. Plaintiffs have a Fourth Amendment right to be free from the excessive use of force by uniformed police officers arresting or detaining them.

30. Plaintiffs were unarmed, innocent of any crimes, and had fully submitted to Officer McDaniel's authority under color of law when they were shot at.

### COUNTS 3 and 4: INTENTIONAL or NEGLIGENT INFLICTION OF EMOTION DISTRESS

31. Plaintiffs restate each of the preceding paragraphs as if fully stated herein.

32. Las Cruces Police Department Officers are law enforcement agents and public employees as those terms are defined in the New Mexico Tort Claims Act, § 41-4-3(D) and (F), NMSA, and Officer McDaniel was acting under the color of law and within the scope and course of his duties when he shot at Plaintiffs.

33. Officer McDaniel owed a duty of care to Plaintiffs to not shoot at them with a deadly weapon.

34. Officer McDaniel breached that duty of care by firing his service weapon at the Plaintiffs.

35. Officer McDaniel's actions in firing his gun at Plaintiffs within seconds of encountering the two men are so outrageous in character and so extreme in degree, they go beyond all possible bounds of decency in civil society.

36. Officer McDaniel acted recklessly and with wanton disregard for the safety of Plaintiffs when he drew his weapon and fired his gun at them.

37. At the very least, Officer McDaniel's actions were careless.

38. As a direct and proximate cause of Officer McDaniel's actions, Plaintiffs suffered, and will continue to suffer for the rest of their lives, severe emotional distress.

## COUNT 5: ASSAULT

39. Plaintiffs restate each of the preceding paragraphs as if fully stated herein.

40. Officer McDaniel pointed a loaded gun directly at Plaintiffs and pulled the trigger. There was an explosion of gunpowder, resulting in a loud gunshot.

41. As a result, Plaintiffs each believed they were to be shot or killed by Officer McDaniel. Plaintiffs were in fear of their lives.

42. A reasonable person in their situation would have had the same belief and fear.

## COUNT 6: FALSE ARREST

43. Plaintiffs restate each of the preceding paragraphs as if fully stated herein.

44. Plaintiffs have a Fourth Amendment right not to be arrested without probable cause to believe a crime had been committed.

45. At the time Defendant Shadd ordered Plaintiffs out of their car at gunpoint, had them

5

handcuffed and placed in the back of a patrol car for over an hour, he had no reason to believe that Plaintiffs were anything other than victims of crime.

46. Officer Shadd did not possess sufficient knowledge to lead a reasonable officer to conclude that a crime had been committed and that Plaintiffs were the ones who committed the crime.

47. In fact the only crime Officer Shadd was aware of when he ordered Plaintiffs cuffed and detained was an Aggravated Assault with a Deadly Weapon committed by Officer McDaniel. Incredibly, Officer Shadd chose to treat Plaintiffs as criminal suspects rather than victims of a violent felony committed by a fellow officer.

48. Plaintiffs were deprived of their liberty for several hours before being released.

## COUNT 7: NEGLIGENT SUPERVISION AND TRAINING

49. Prior to August 22, 2018, Defendant Las Cruces Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Las Cruces, NM, which caused the violation of Plaintiffs' rights.

50. It was the policy and/or custom of Las Cruces Police Department to inadequately and improperly investigate citizen complaints of agent misconduct; instead, acts of misconduct were tolerated by City of Las Cruces.

51. It was the policy and/or custom of the Las Cruces Police Department to inadequately supervise and train its Officers, including Defendant Officer McDaniel, thereby failing to adequately discourage further constitutional violations on the part of its Officers. The Las Cruces Police Department did not require appropriate in-service training or re-training of Officers who were known to engage in police misconduct.

52. As a result of Las Cruces Police Department's failure to properly train and supervise its Officers, Plaintiffs have suffered damages.

## JURY DEMAND

53. Plaintiffs hereby demand a jury trial in this cause.

WHEREFORE, Plaintiffs request judgment as follows:

1. Compensatory damages in an as yet undetermined amount, jointly and severally against all Defendants, including damages for attorney's fees and emotional harm.

2. Punitive damages in an as yet undetermined amount severally against the individually named Defendants.

3. Reasonable costs and attorney's fees incurred in bringing this action.

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE LAHANN LAW FIRM

/s/ Jeff C. Lahann
665 E. University Ave.
Las Cruces, NM 88005
575-523-4394
jeff@lahannlaw.com
